IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSEKNECHT, | No. 4:20-CV-01233 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DAVID YOUNG, DONALD MAYES, JODY MILLER, and DUSTIN REEDER, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

AUGUST 4, 2023

## I.    BACKGROUND

The parties in this matter reached settlement on June 7, 2023.[1] Specifically, the Court has been informed that the parties executed a Settlement Agreement and General Release of All Claims (the "Agreement"), which included the following confidentiality provision:

> The Parties agree to keep the terms of this [Agreement] completely confidential and will not disclose any information to anyone, except as may be required by court order, or subpoena, other than to their immediate family, tax advisor, or legal counsel as the law may otherwise provide.[2]

---

[1] Doc. 50 (citing United States Magistrate Judge William I. Arbuckle's June 7, 2023 settlement report).
[2] Doc. 52 at p. 2.

On June 8, 2023, the Court dismissed the action and retained jurisdiction over the Agreement.[3] On July 24, 2023, Defendants filed a Motion for Court Determination That the Settlement Agreement Executed Between All Parties is Confidential, which asks the Court to find that the Agreement should be exempt from public disclosure under Pennsylvania's Right-to-Know Law ("RTKL").[4]

All parties to the Agreement are law enforcement officers employed by the City of Williamsport (the "City"), and while the City itself was not a party to the litigation, its liability insurer "paid the settlement payment pursuant to its contractual obligations."[5] On or about June 12, 2023, the Right to Know Officer for the City received a request from a newspaper reporter seeking disclosure of the Agreement.[6] The Right to Know Officer forwarded the request to Defendants' counsel, who responded that the Agreement was "exempt from disclosure under the [RTKL]" because "the terms of the settlement are confidential as per the agreement of the parties."[7]

On July 10, 2023, the City's solicitor contacted Defendants' counsel and advised that the Agreement was not exempt from disclosure because the City's

---

[3] Doc. 50.
[4] Doc. 52; *see* 65 P.S. § 67.101 *et seq*.
[5] Doc. 52 at p. 2.
[6] *Id*. at p. 3.
[7] *Id*.

insurer paid the settlement; the solicitor demanded that the Agreement be disclosed.[8] Defendants then filed the instant Motion.

## II.   LAW

Under the RTKL, "records in possession of a government agency are presumed to be public unless exempt from disclosure under Section 708 of [the RTKL]."[9] Section 708 states that, among numerous others, the following records are exempt from public access:

> A record of an agency relating to a noncriminal investigation, including: [a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of an agency investigation, **except** the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or **an executed settlement agreement unless the agreement is determined to be confidential by a court**.[10]

Exemptions from disclosure are to be narrowly construed, and "the government agency bears the burden of proving a record is exempt from disclosure."[11]

## III.   ANALYSIS

Defendants concede that the public has an interest in the "financial impact upon the public of a litigation settlement that is paid either with public funds or through proceeds generated by publicly financed insurance premiums."[12] However,

---

8  *Id.* at p. 4.
9  *Energy Transfer v. Moss*, 288 A.3d 957, 961 (Pa. Commw. Ct. 2023).
10  65 P.S. § 67.708(b)(17)(vi)(A) (emphasis added).
11  *Carey v. Dep't of Corr.*, 61 A.3d 367, 372-373 (Pa. Commw. Ct. 2013).
12  Doc. 52 at p. 4 (citing *Tribune-Review Publ'g Co. v. Westmoreland Cnty. Hous. Auth.*, 574 Pa. 661, 669-70 (Pa. 2003)).

3

they argue that "public policy considerations" weigh in favor of exempting the Agreement here because the parties entered into the Agreement on the express understanding that all terms of settlement would remain confidential.[13]

Additionally, Defendants argue that the City had limited involvement in the settlement and that "future litigants may be discouraged from entering into settlement agreements if the agreed upon terms of confidentiality might not be honored[.]"[14] According to Defendants' Motion, the City's solicitor disagrees, and has demanded disclosure of the Agreement on the basis that the City paid the settlement amount via its insurer, and that it is therefore a public record non-exempt from disclosure under the RTKL.[15] The Court agrees with the City solicitor.

The facts of this dispute are straightforward, and they fit neatly within the plain language of the RTKL. Government employees settled a noncriminal dispute amongst themselves.[16] Plaintiff agreed to release all claims in exchange for a settlement payment, which was paid by the City via its insurer.[17] While the RTKL includes numerous exemptions, "executed settlement agreements" are expressly specified by the RTKL as *non-exempt*.[18] Therefore, under the plain language of the

---

[13]   *Id*. at p. 5.
[14]   *Id*.
[15]   *Id*. at p. 4.
[16]   *See* Doc. 50.
[17]   *See* Doc. 52 at p. 2.
[18]   *See* 65 P.S. § 67.708(b)(17)(vi)(A).

RTKL, the Agreement is not exempt from disclosure and must be provided if requested under the RTKL.

The Court finds Defendants' policy argument unpersuasive. Specifically, Defendants cite *Brown v. Pennsylvania Department of State*, which did not involve a settlement agreement, but instead the actual results of a noncriminal investigation.[19] There, the Commonwealth Court of Pennsylvania found that the exemption provided by Section 708(b)(17)(vi)(A) of the RTKL for records that would reveal "the result of an agency investigation" clearly applied.[20] Here, the provision in that same section—stating that "executed settlement agreements" are *not* exempt—clearly applies. *Brown* is not helpful here because the matters involve different documents covered by different provisions of the RTKL.

Defendants cited *Tribune-Review Publishing Co. v. Westmoreland County Housing Authority* to support their concession that the public has an interest in knowing information related to public settlements.[21] While this case was decided prior to the enactment of Section 708 of the RTKL, its reasoning is relevant here. *Tribune-Review* involved settlement of a federal civil rights dispute between a plaintiff housing authority employee and defendant housing authority.[22] As in this case, the settlement was resolved and paid for by the housing authority's insurer, and

---

[19]   123 A.3d 801 (Pa. Commw. Ct. 2015).
[20]   *Id*. At 805.
[21]   574 Pa. 661 (Pa. 2003); *see* Doc. 52 at p. 4.
[22]   *Tribune-Review*, 574 Pa. at 665.

that was the extent of the housing authority's involvement—it neither signed nor authorized the settlement agreement.[23] The housing authority argued that the agreement's confidentiality provision shielded it from disclosure because it was a material term that should not be abrogated.[24]

The Supreme Court of Pennsylvania disagreed, holding that the terms of the settlement in a civil matter in federal court, which were based upon the conduct of the housing authority and its employees, "contain[ed] information related to the administration of the business of the public and [were], therefore, a public record."[25] The fact that the settlement agreement contained a confidentiality clause "[did] not vitiate the public nature of the document."[26] The court noted that "many of [its] sister states [had] refused to enforce a provision in a litigation settlement agreement prohibiting the disclosure of the terms of the agreement where such a provision [was] contrary to a freedom of information statute," further noting that "[a]lthough these courts essentially acknowledged the possibility that disclosure might chill future attempts to resolve disputes, they generally concluded that this risk must yield to the public's right to know."[27]

This reasoning not only applies to this case but is reinforced by the plain language of Section 708 of the RTKL, which was adopted after *Tribune-Review* was

---

[23] *Id*. at 671.
[24] *Id*. at 666.
[25] *Id*. at 670.
[26] *Id*.
[27] *Id*. at 673.

decided. As discussed above, executed settlement agreements are squarely carved out from the RTKL's list of exemptions. And while the parties may have operated under the assumption that the Agreement would remain confidential, they cannot contract around state law in this manner. Entering into a settlement agreement with a public entity involves the inherent risk that the agreement may be disclosed if it is subsequently requested under the RTKL.

While the Court does acknowledge that the possibility of disclosure may dissuade future litigants from resolving disputes, the Court finds this risk outweighed by the public's right to information under the RTKL—in this case, that right is to information related to the settlement of a public dispute that was paid for by public funds. Therefore, because the Court finds that the Agreement is not exempt from disclosure under the RTKL, the Court denies Defendants' Motion and determines that the Agreement is not confidential.

IV. **ORDER**

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Court Determination That the Settlement Agreement Executed Between All Parties is Confidential (Doc. 51) is **DENIED**; and

2. Nonparty The Patriot-News/PennLive's Motion to Intervene (Doc. 53) is **DENIED as moot**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge